FILED
**United States Court of Appeals**
**Tenth Circuit**

**June 25, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

THOMAS C. EKSTRUM,

      Defendant-Appellant.

No. 09-3039

(D.C. No. 6:08-CR-10144-WEB-1)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, **ANDERSON,** and **BALDOCK**, Circuit Judges.[**]

---

Defendant Thomas C. Ekstrum pleaded guilty to falsely impersonating an

Internal Revenue Service (IRS) agent, in violation of 18 U.S.C. § 912. Defendant's

Presentence Investigation Report (PSR) calculated a Guidelines range of 0-6 months'

imprisonment. Pursuant to a plea agreement with Defendant, the Government

recommended a sentence at the low end of the Guidelines range. Nevertheless, the

district court sentenced Defendant to two years' incarceration. Defendant appeals,

---

[*] This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has
determined unanimously to grant the parties' request for a decision on the briefs
without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case
is therefore ordered submitted without oral argument.

arguing the district court abused its discretion and imposed a substantively unreasonable sentence. We have jurisdiction under 28 U.S.C. § 1291, and affirm.

I.

In May 2008, at a friend's behest, Defendant visited the offices of a private business and impersonated an IRS agent. The purpose of this fraud was to recover tax documents that Defendant's friend hoped to conceal from the IRS. The ruse failed, however, resulting in Defendant's guilty plea to false impersonation of an employee of the United States, in violation of 18 U.S.C. § 912. Defendant's PSR noted that Defendant's offense carried a maximum penalty of three years' imprisonment and one year of supervised release. Based on Defendant's offense level and criminal history category, however, the PSR calculated a Guidelines range of only 0-6 months' imprisonment. Neither the Government nor Defendant objected to the PSR. Pursuant to Defendant's plea agreement, the Government recommended a sentence at the low end of the Guidelines range.

During the seven-month time frame in which Defendant was released on bond and awaiting sentencing, he was arrested three times. Specifically, Kansas authorities arrested Defendant on two separate occasions for driving under the influence,[1] and Iowa authorities arrested Defendant for a single incident

---

[1] The PSR indicates that during one of the Kansas arrests—presumably in an attempt to foster lenity from the arresting officer—Defendant falsely stated that he had terminal cancer and only six months to live.

2

encompassing two separate infractions—driving while intoxicated and possession of cocaine. With these recent transgressions in-play at Defendant's sentencing hearing, the district court consulted the 18 U.S.C. § 3553(a) factors and determined that a sentence of two years' incarceration was appropriate in light of Defendant's conduct. Specifically, the district court provided the following explanation for its sentencing decision:

> The Court has considered the factors set forth in 18 U.S.C. [§] 3553(a), including the advisory guideline range. The Court intends to impose a sentence of two years custody. This sentence serves the purpose of sentencing by incapacitating and punishing the defendant for a period of time. A sentence of two years incarceration is appropriate in view of Mr. Ekstrum's conduct.
>
> While on supervised release, when released on bond, Mr. Ekstrum was released with the condition including not being arrested for any new criminal conduct. A travel restriction was imposed, and Mr. Ekstrum was ordered to report any contact with law enforcement as soon as possible to his supervising officer. The defendant was arrested for driving under the influence on August 17th, 2008, [and] again on November 29th, 2008. He did not report these contacts with law enforcement to his supervising officer. He traveled without permission both times.
>
> As the presentence report documents, Mr. Ekstrum has a history of alcohol abuse and has not dealt with his addiction even though the services were offered by pretrial services. After his recent arrests on the charges of driving under the influence, Mr. Ekstrum has gone to the hospital in his community for detox, but those contacts with treatment providers appears [sic] to be more manipulation than a sincere desire to understand his addiction.
>
> Reports from the treatment facility where the defendant was placed by pretrial services indicate the defendant has not been truthful with the treatment provider and has continued to manipulate. The defendant was arrested for a third DUI January

3

14th, and possession of cocaine.

The sentence of two years will impress upon the defendant, I hope, the seriousness of his conduct, the seriousness of the conditions imposed, and the expectations that he can comply with these conditions. It will also provide a protection of [sic] the public.

## II.

On appeal, Defendant argues the district court abused its discretion and imposed a substantively unreasonable sentence. We review sentencing decisions, "whether inside, just outside, or significantly outside the Guidelines range, under a deferential abuse-of-discretion standard." United States v. Huckins, 529 F.3d 1312, 1317 (10th Cir. 2008) (internal quotations, citation, and alteration omitted). The district court abuses its discretion if the resulting sentence is "arbitrary, capricious, whimsical, or manifestly unreasonable." Id. Ultimately, "the district court must make an individualized assessment based on the facts presented." United States v. Muñoz-Nava, 524 F.3d 1137, 1146 (10th Cir. 2008) (quoting Gall v. United States, 128 S.Ct. 586, 597 (2007)).

Based upon the record in this case, including Defendant's conduct while released on bond and the district court's explicit reasoning at sentencing, we cannot conclude that Defendant's sentence was "arbitrary, capricious, whimsical, or manifestly unreasonable." Huckins, 529 F.3d at 1317; see also Muñoz-Nava, 524 F.3d at 1148-49 (holding the district court did not abuse its discretion by relying on the defendant's pre-trial release behavior in deciding to vary from the Guidelines).

4

Defendant makes much of the fact that his sentence constitutes a 400 percent increase from the Guidelines range. This revelation by itself is of little weight in our review. See Gall, 128 S.Ct. at 595 (noting that deviations from the Guidelines do not require extraordinary circumstances and that district courts need not adhere to "a rigid mathematical formula that uses the percentage of a departure as the standard for determining the strength of the justifications required for a specific sentence"). Rather, district courts must consider the § 3553(a) factors and determine an appropriate sentence based upon the specific facts presented. See Muñoz-Nava, 524 F.3d at 1146. That is precisely what the district court did here. Accordingly, we give due deference to the district court's decision to vary upward 18 months and conclude that Defendant's sentence was substantively reasonable. See id. at 1149 (noting that we must give deference to district courts in determining the extent of a variance).

For the foregoing reasons, we AFFIRM Defendant's sentence.

Entered for the Court,


Bobby R. Baldock
United States Circuit Judge

5